■ In the Matter of JOHN MACFARLANE, Appellant, v TOWN OF CLAYTON PLANNING BOARD, Respondent. [629 NYS2d 156] —Judgment unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: We agree with petitioner that the determination of respondent, Town of Clayton Planning Board (Planning Board), violated Town Law § 278. That section defines cluster development as "the modification of the applicable zoning ordinance or local law to provide an alternative permitted method of the development of such plat or plats to allow all of the development which could occur on a particular parcel of land to be developed on a portion of said parcel" (Town Law § 278 [1] [a]). The statute further restricts the scope of cluster development: "In no case shall the number of building plots or dwelling units exceed the number which could be permitted, in the planning board's judgment, if the land were subdivided into lots conforming to the minimum lot size and density requirements of the applicable zoning ordinance or local law" (Town Law § 278 [1] [a]; *see also,* Town Law § 278 [2] [b]).

Here, the alternative subdivision layout submitted by the applicant contained several lots that did not conform to the minimum lot size and other requirements of the Town of Clayton zoning ordinance. For example, the alternative layout showed several lots that fronted on the St. Lawrence River with a property line at contour line 246. The zoning ordinance, however, defines "Waterfront Property Line" as "[t]hat line along the front yard of waterfront property determined by the official high water mark as established by International Great Lakes Datum", which is otherwise defined by the zoning ordinance at contour line 248.05. The alternative layout should have shown the lots with the property line as defined by the zoning ordinance and should have calculated the square footage of the lots accordingly. Because the alternative layout submitted as part of the record on appeal does not show distances between contour lines, we are unable to calculate the actual square footage of the lots and thus cannot determine whether the Planning Board properly exercised its judgment pursuant to Town Law § 278. Additionally, we agree with petitioner that the zoning ordinance requires that waterfront

lots must have 100 foot frontage both at the street and at the waterfront.

The Planning Board's reliance upon *Matter of Bayswater Realty & Capital Corp. v Planning Bd.* (76 NY2d 460) is misplaced. There, the Court recognized that planning boards have discretion in approving cluster developments, not in determining how many building lots or dwelling units are permitted under existing zoning. Thus, a planning board does not have the authority under Town Law § 278 to consider substandard lots in its calculation of "the number of building plots * * * which could be permitted" (Town Law § 278 [1] [a]). A planning board's authority is limited to permitting deviation from applicable minimum area, side and rear yard depth and frontage requirements only after it has determined the number of units that would be permitted if the land were subdivided into lots conforming to zoning requirements. Thus, we grant the petition by annulling the Planning Board's preliminary plat approval.

We have considered the other arguments raised by petitioner and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.